UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ZACHERY CRABTREE,<br><br>           Plaintiff,<br><br>v.<br><br>SHARON WEHRLY,<br><br>           Defendant. | 3:19-cv-00751-MMD-CLB<br><br>**REPORT AND RECOMMENDATION**<br>**OF U.S. MAGISTRATE JUDGE**[1] |

Before the court is Plaintiff Zackery Crabtree's ("Crabtree"), application to proceed *in forma pauperis*[2] (ECF No. 5), his amended *pro se* civil rights complaint[3] (ECF No. 4), and his motion request to correct clerical error (ECF No. 3). For the reasons stated below, the court recommends that Crabtree's *in forma pauperis* application (ECF No. 5) be granted, that his amended complaint (ECF No. 4) be dismissed with prejudice, and his motion to correct clerical error (ECF No. 3) be denied as moot.

**I.    *IN FORMA PAUPERIS* APPLICATION**

A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable pay such fees or give security therefore. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

---

[1]    This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

[2]    The court construes Crabtree's signed financial certificate as an application to proceed *in forma pauperis* (ECF No. 5).

[3]    The court finds the amended complaint (ECF No. 4) to be the operative complaint in this case.

-1-

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Crabtree cannot pay the filing fee; therefore, the court recommends that the application (ECF No. 5) be granted.

## II.   SCREENING STANDARD

Inmate civil rights complaints are governed by 28 U.S.C. § 1915A. Section 1915A provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A complaint is frivolous when "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., delusional scenarios). *Id.* at 327–28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Dismissal for failure to state a claim under § 1915A incorporates the same standard applied in the context of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012), which requires dismissal where the complaint fails to "state a claim for relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The complaint is construed in a light most favorable to the plaintiff. *Chubb Custom Ins. Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). The court must accept as true all well-pled factual allegations, set aside legal conclusions, and verify that the factual allegations state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The complaint need not contain detailed factual allegations, but must offer more than "a formulaic recitation of the elements of a cause of action" and "raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. Particular care is taken in reviewing the pleadings of a *pro se* party, for a more forgiving standard applies to litigants not represented by counsel. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Still, a liberal construction may not be used to supply an essential element of the claim not initially pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). If dismissal is appropriate, a *pro se* plaintiff should be given leave to amend the complaint and notice of its deficiencies, unless it is clear that those deficiencies cannot be cured. *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995).

## III.  SCREENING OF AMENDED COMPLAINT

In his amended complaint, Crabtree sues Defendant Nye County Sheriff Sharon Wehrly under 42 U.S.C. § 1983. (*See* ECF No. 4.) The amended complaint alleges the following: Defendant Wehrly conspired with the Judge, District Attorney, and defense counsel to violate Nevada Revised Statute 453.3405.[4] (*Id.* at 1.) Crabtree alleges Defendant Wehrly, by and through her representatives, entered into an illegal agreement with him as it relates to Crabtree providing "substantial assistance" in accordance with NRS 453.3405. (*Id.* at 2-4.) Crabtree alleges this was done in violation of the law and proceeds to make various allegations related to the legality of his plea agreement. (*Id.*) While Crabtree does not assert a claim for relief in his amended complaint, a review of his original complaint

---

[4]  NRS 453.3405 is titled: Trafficking in controlled substances: Suspended sentence limited; eligibility for parole; reduction or suspension of person assisting in investigation or prosecution of any offense; consideration of factors by court.

shows the following requested relief: punitive damages in the amount of $100,000, vacating his criminal convictions, and taking him off lifetime supervision. (ECF No. 1-1 at 3.)

The court notes that the facts of this case are nearly identical to those in a companion case filed by Crabtree, 3:19-cv-00755-MMD-CLB. Duplicative litigation by a plaintiff proceeding *in forma pauperis* may be dismissed as malicious under 28 U.S.C. § 1915(e). *See Cato*, 70 F.3d at 1105 n.2 (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (holding that repetitious litigation of virtually identical causes of action is subject to dismissal as malicious)); *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993) (holding that it is malicious for a "pauper" to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff). As such, plaintiff's complaint should be dismissed as malicious with prejudice.

Finally, the court recommends that Crabtree's motion to correct clerical error (ECF No. 3) be denied as moot, in light of this Report and Recommendation.

**IV.    CONCLUSION**

For the reasons articulated above, the court recommends that Crabtree's application to proceed *in forma pauperis* (ECF No. 5) be granted, his amended complaint (ECF No. 4) be dismissed as malicious with prejudice, and his motion to correct clerical error (ECF No. 3) be denied as moot.

The parties are advised:

1.    Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.    This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Crabtree's application to proceed *in forma pauperis* (ECF No. 5) be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that Crabtree's amended complaint (ECF No. 4) be **DISMISSED AS MALICIOUS WITH PREJUDICE**; and

**IT IS FURTHER RECOMMENDED** that Crabtree's motion to correct clerical error (ECF No. 3) be **DENIED** as moot.

DATED: 2/28/2020

_____
UNITED STATES MAGISTRATE JUDGE